IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LARRY RAY STAFFORD,**<br><br>                    **Plaintiff,**<br><br>          vs.<br><br>**DEPARTMENT OF THE NAVY (DON) BOARD FOR CORRECTION OF NAVAL RECORDS and SECRETARY OF THE NAVY COUNCIL OF REVIEW BOARDS, Combat-Related Special Compensation Branch,**<br><br>                    **Defendants.** | **8:14CV279**<br><br>**FINDINGS AND RECOMMENDATION** |

    This matter is before the court on the defendants', Department of the Navy (DoN) Board for Correction of Naval Records (BCNR) and Secretary of the Navy Council of Review Boards, Combat-Related Special Compensation (CRSC) Branch, Motion to Transfer (Filing No. 23).  The defendants filed a brief (Filing No. 25) and index of evidence (Filing No. 24) in support of the motion.  The plaintiff, Larry Ray Stafford (Stafford), filed a Motion to Strike Defendants' Motion to Transfer (Filing No. 26) in response.  The defendants filed a brief (Filing No. 27) in reply.  Thereafter, Stafford filed a reply brief (Filing No. 28).

    This dispute stems from injuries Stafford, a retired veteran of the United States Marine Corps, sustained on March 4, 1988, when a bunker beam struck Stafford in the head at the Marine Corps Base in California.  *See* Filing No. 6 - Amended *Pro Se* Civil Complaint ¶ II, B.  The defendants seek to transfer this case to the United States Court of Federal Claims because this court does not have jurisdiction under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-06, or Tucker Act, 28 U.S.C. §§ 1346 and 1491.  *See* Filing No. 23 - Motion.  Although originally opposed to transfer of this case, Stafford now agrees this case should be transferred to the United States Court of Federal Claims.  *See* Filing No. 28 - Stafford's Reply.

    In order to transfer a civil action to another jurisdiction pursuant to the transfer statute, three conditions must be satisfied:  (1) the transferor court lacks jurisdiction, (2) the transferee court would have had jurisdiction at the time the original case was filed, and (3)

it would be in the interest of justice to transfer the case.  **See** 28 U.S.C. § 1631; **see also** ***Bernard v. U.S. Dep't of Interior***, 674 F.3d 904, 908 (8th Cir. 2012) (noting the requirements for transfer under 28 U.S.C. § 1631).  First, the court agrees with the defendants that this court lacks jurisdiction to hear this case under either the APA or Tucker Act.  **See *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.***, 480 F.3d 1116, 1122 (Fed. Cir. 2007) (discussing the requirements of jurisdiction under the APA); 28 U.S.C. § 1346 ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: . . . Any other civil action or claim against the United States, *not exceeding* $10,000 in amount[.]") (emphasis added).  Second, the court finds the Court of Federal Claims has jurisdiction over this case under the Tucker Act.  **See *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.***, 235 F.3d 1109, 1112 (8th Cir. 2000) ("The Tucker Act . . . vests exclusive subject matter jurisdiction over [claims] in excess of $10,000 in the Court of Federal Claims."); ***Pearl v. United States***, 111 Fed. Cl. 301, 308 (2013) (stating the Court of Federal Claims "has jurisdiction over claims against the United States founded on a money-mandating source of law" and can award retired pay and change retirement status); 28 U.S.C. § 1491(a)(2).  Lastly, it is in the interest of justice to transfer Stafford's claim contesting the denial of CRSC benefits to the Court of Federal Claims.  The court does not fault Stafford for filing the claim in this court and the defendants do not seek a dismissal of this case, only a transfer.  **See *Gunn v. U.S. Dep't of Agric.***, 118 F.3d 1233, 1240 (8th Cir. 1997) (noting a court can direct transfer when a plaintiff in good faith filed in the wrong court).  Upon consideration,

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that:**

1. The defendants' Motion to Transfer (Filing No. 23) be granted and the Clerk of the Court be directed to transfer this case to the United States Court of Federal Claims.

2. The plaintiff's Motion to Strike Defendants' Motion to Transfer (Filing No. 26) be denied.

Dated this 30th day of March, 2015.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge